UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
FEDERAL TRADE COMMISSION,      )
ET AL.,                        )
                               )
          Plaintiffs,          )
                               ) Civil Action No.15-2115 (EGS)
     v.                        ) (UNDER SEAL)
                               )
STAPLES, INC. and              )
OFFICE DEPOT, INC.             )
                               )
                               )
                               )
          Defendants.          )
_____)
```

## MEMORANDUM OPINION

Defendants Staples, Inc. and Office Depot, Inc. ("Defendants") seek to compel production of factual information collected by Plaintiffs from third parties during the course of the 2013 investigation of the Office Depot-Office Max merger and the 2015 investigation of the Staples-Office Depot merger. Defs.' Mem. Supp. Mot. Compel ("Defs.' Mem. Supp."), Docket No. 64. Plaintiffs argue the material sought is protected by the attorney work-product doctrine and the deliberative process privilege. Pls.' Opp. Mem., Docket No. 66 at 4. Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, Defendants' motion is **DENIED**.

## I. Background.

In February 2015, shortly after Defendants announced their intent to merge, Plaintiffs began an investigation into the likely effects of the merger. Defs.' Mem. Supp. at 2. On December 7, 2015, Plaintiffs filed suit seeking to enjoin the proposed merger, pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53 (b), until the FTC's administrative proceedings are complete. Pls.' Mot. Prelim. Inj., Docket No. 5 at 1. The parties have agreed to a compressed discovery schedule, with fact discovery closing February 12, 2016 and expert discovery closing March 15, 2016. Sched. Order, Docket No. 54 at 2. A hearing on Plaintiffs' Motion for a Preliminary Injunction is scheduled to commence March 21, 2016. *Id.*

### A. Defendants' Document Request and Interrogatory seeking factual information about third parties.

On December 17, 2015, Defendants served Plaintiffs with the following Document Request and Interrogatory:

> All Documents Concerning [the Plaintiffs'] contact, or considered or contemplated contact, with any non-parties Related to the Merger and/or [the Plaintiffs'] investigation of the Merger, including Documents Related to telephone conferences, in-person conferences, meetings, interviews, or correspondence with customers or competitors of the Defendants, or any other Persons in connection with the Merger or office supply industry.
>
> [and]

2

> Identify each Person interviewed by each of the Plaintiffs (either together or independently) in connection with the Merger and provide all factual information obtained from these individuals and entities through such interviews that is relevant to Plaintiffs' claims in this case.

Defs.' First Set of Document Requests, Request No. 4, Docket No. 64, Ex. 2; Defs.' First Set of Interrogatories, Int. No. 2, Docket 64 at Ex. 3. Plaintiffs produced the following responsive documents: (1) all documents obtained from, or sent to third parties during Plaintiffs' 2013 and 2015 investigations; (2) all communications with third parties from both investigations; and (3) names and contact information for all third parties with whom Plaintiffs communicated during both investigations. Pls.' Opp. Mem. at 2; Xenakis Decl., Docket No. 66 ("Xenakis Decl."), Ex. 2 at ¶ 15.

Plaintiffs withheld approximately 850 documents from the 2013 and 2015 investigations. Pls.' Opp. Mem. at 4; Xenakis Decl. at ¶ 6. The documents are comprised of attorney interview notes and internal memoranda resulting from interviews with third parties. Xenakis Decl. at ¶ 17; Jin Decl., Docket No. 66, Ex. 4 ("Jin Decl.") at ¶ 5; Feinstein Decl., Docket No. 66, Ex. 5. ("Feinstein Decl.") at ¶¶ 5-7. By this motion, Defendants seek to compel production of all segregable factual information contained in the withheld

3

documents. Defs.' Mem. Supp. at 5 ("Plaintiffs should be compelled to produce factual information discovered in the course of their communications with third party customers, competitors, and industry participants.").

On January 19, 2016, the Court received a representative sample of the documents at issue for in camera review. *See* January 15, 2016 Minute Order.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). "Relevance" is broadly construed and discovery need not be admissible to be discoverable. *Id.; see also Food Lion v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997). District Courts have considerable discretion in resolving discovery matters, but must limit discovery where it is shown to be unreasonably cumulative, more easily obtained from an alternative source, or where the burden and expense of producing the discovery outweighs the likely benefit of the information sought. Fed. R. Civ. P. 26(b)(2)(C); *see also Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp.2d 1, 3 (D.D.C. 2009).

**III. ANALYSIS**

Defendants argue that there must be some segregable non-privileged facts within the 850 documents withheld by Plaintiffs. Defs.' Reply Mem., Docket No. 71-2 at 1. Plaintiffs maintain that the attorney work-product doctrine and the deliberative process privilege protect all facts contained in the documents at issue. Pls.' Opp. Mem. at 7.

**A. The work-product doctrine.**

In 1947 the Supreme Court established the work-product doctrine in *Hickman v. Taylor*, 329 U.S. 495 (1947). The Court denied discovery of counsel's witness interview notes, reasoning that some measure of protection must be afforded to attorneys' work product. "It is essential that a lawyer work with a certain degree of privacy, free from intrusion by opposing parties and their counsel." *Id.* at 510. Work product may include facts and legal theories reflected in "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways." *Id.* at 507-10. The work-product doctrine is a qualified immunity designed to "balance the needs of the adversary system to promote an attorney's preparation against society's general interest in revealing all facts relevant to the resolution of a dispute." *In re Sealed Case*, 856 F.2d 268 at 273 (D.C. Cir. 1988)("*In re*

5

*Sealed Case II"*) (*citing In re Subpoenas Duces Tecum*, 738 F.2d 1367, 1371 (D.C. Cir. 1984)).

Federal Rule of Civil Procedure 26(b)(3) partially codifies the work-product doctrine, stating:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

Fed. R. Civ. P. 26(b)(3)(A). Nevertheless, a court may order the disclosure of such material when the requesting party can show a "substantial need" for the material and an inability to procure equivalent information "without undue hardship." Fed. R. Civ. P. 26(b)(3)(A)(ii); *In re Sealed Case*, 856 F.2d at 273 (*citing Upjohn v. United States*, 449 U.S. 383, 399-401 (1981)). When ordering such a disclosure, a court must still "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

The party asserting the work-product protection carries the burden first of showing that the communications at issue were prepared in anticipation of litigation. *See, e.g.*, *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 865 (D.C. Cir. 1980) (holding that "some articulable claim, likely to lead to litigation, must have arisen.")). The burden then shifts to the party seeking discovery to demonstrate its "substantial

6

need" for the information and the "undue hardship" of securing the information from other sources. *See, e.g.*, *Kent Corp v. NLRB*, 530 F.2d 612, 623-24 (5th Cir.), *cert. denied*, 429 U.S. 920 (1976). "The showing of need required to discover another party's work product depends on whether the materials at issue constitute "fact" work product or "opinion" work product." *U.S. v. Clemens*, 793 F. Supp.2d 236, 244 (D.D.C. 2011) (*citing In re Sealed Case*, 676 F.2d 793, 811 (D.C. Cir. 1982) ("*In re Sealed Case I*") (noting there is a "qualified protection for 'fact' work product and more absolute protection for 'opinion' work product").

### B. Defendants cannot establish substantial need and undue hardship.

There is no dispute that the documents sought by Defendants were produced in anticipation of litigation. Pls.' Opp. Mem. at 5. The parties both treat the documents at issue as fact work product and focus their analysis on whether Defendants have established a substantial need for the information sought and whether collecting the same information through Defendants' own discovery constitutes an undue hardship. Defs.' Reply Mem., Docket No. 71 at 4.

Defendants clearly need to gather factual information about third parties in order to competently defend this case. However, such a generalized need is not equivalent to the substantial

7

need and undue hardship that must be shown in order to compel production of opposing counsel's work product. *See* Edna Selan Epstein, Section of Litigation, American Bar Association, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK-PRODUCT DOCTRINE at 923 (5 ed. 2007) [hereinafter Epstein] (noting substantial need will be found wanting where alternative means of obtaining the work product information exist, including by interviews or depositions); *see also Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1466-67 (11th Cir. 1984) (reversing District Court's order granting production of otherwise privileged documents where party failed to show that it was unable to obtain the same information by deposing the same witnesses)). Indeed, "undue hardship" is generally found only in extreme circumstances such as unavailability due to death, brain injury or where a witness's geographic location is beyond the court's subpoena power. *See* Epstein at 927-932.

Here, Defendants argue that "[b]ecause a significant portion of Plaintiffs' investigation was conducted through telephone and in-person interviews, Plaintiffs' interview notes and memoranda provide **the only source** of highly relevant information that cannot be obtained by other means." Defs.' Reply at 4 (emphasis added). The Court rejects this argument. Defendants may interview or depose as many of the third parties that were interviewed or deposed by the Plaintiffs as desired.

8

Defendants have already served at least 200 third-party subpoenas. Pls.' Opp. Mem. at 5. In short, the *factual* information contained within Plaintiffs' interview notes and memoranda are equally available to Defendants through their own discovery. *See e.g., United States v. US Airways Group, Inc.*, Civ. No. 13-1236, Slip. Op., Docket No. 107 (D.D.C. Oct. 10, 2013) (noting that an interrogatory seeking facts rather than mental impressions is a "distinction without a difference" when the request of opposing counsel is to divulge information learned from interviewing potential witnesses in anticipation of trial). "Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes." *Upjohn Co. v. U.S.*, 449 U.S. 383, 400 (1981). Finally, Defendants cite no authority to support the suggestion that a "compressed discovery schedule" constitutes an undue hardship. Defs.' Reply at 4.[1]

Moreover, the authorities cited by Defendants in support of their motion are not persuasive. First, Defendants rely on this Court's decision in *United States v. AB Electrolux*, for the

---

[1] Courts have ruled that the cost of discovery does not constitute an undue hardship. S*ee, e.g., Garnier v. Illinios Tool Works, Inc.*, 2006 U.S. Dist. LEXIS 28370 (E.D.N.Y May 4, 2006). The Court's independent research reveals no case law supporting Defendants' suggestion that a compressed discovery period constitutes an undue hardship.

9

proposition that not all factual information contained in the documents at issue can be protected by the work-product doctrine. Civ. No. 1:15-CV-1039, 2015 U.S. Dist. LEXIS 162023, *16 (D.D.C. Sept. 25, 2015) (noting the suggestion that "*all* communications at issue fall within the scope of the work-product doctrine's protective arms is highly suspicious."). As Plaintiffs correctly point out, *Electrolux* addressed third-party communications withheld by Defendants under a blanket assertion of the work-product doctrine. Pls.' Opp. Mem. at 9. *Electrolux* is distinguishable because in this case attorney notes and internal memoranda are at issue, not third-party communications. Third-party communications in Plaintiffs' possession have already been produced. *Id.* The precise holding in *Electrolux* simply has no bearing on this case because the Court did not consider the burden-shifting analysis necessary to determine whether fact work product should be disclosed.[2]

Defendants also cite *FTC v. Boehringer Ingelheim Pharms., Inc.* for the proposition that not all facts included in attorney

---

[2] Likewise, Defendants assertion that the Court's offhanded remark of "absolutely" in response to Defense counsel's statement "your *Electrolux* ruling made clear that fact information in the interview notes was discoverable but attorney work product was not" is misplaced. The Court's response to counsel's statement was meant to acknowledge that under certain circumstances fact information may be discoverable. The Court's rapid colloquy with counsel by no means sought to confirm that fact information is *always* or *necessarily* discoverable.

10

work product are necessarily protected from disclosure. 778 F.3d 142, 152 (D.C. Cir. 2015), *reh'g denied* (June 4, 2015), *cert. denied* (Jan. 19, 2016). Of course this is true. However, Defendants conveniently neglect *Boehringer's* thoughtful discussion of the "special circumstances" that "excuse the movant's failure to obtain the requested material itself." *Id.* at 155. As the Court discussed *supra, Boehringer* notes that only under unique circumstances, including where a witness refuses to speak with the movant and where the information at issue was otherwise unavailable, could a moving party demonstrate "substantial need" and "undue hardship." *Id.* (internal citations omitted). As discussed in *Boehringer*, "each side must undertake its own investigation of the relevant facts and not simply freeload on opposing counsel." *Id.* (citing *Guilford Nat'l Bank v. Southern Ry.*, 297 F.2d 921, 926 (4th Cir. 1962)). Unlike *Boehringer*, this case does not present a situation where one party never had the opportunity to obtain the information sought during discovery *Id.* at 158 (noting that "Boehringer's contemporaneous financial evaluations provide unique information about Boehringer's reasons for settling in the manner that it did."). *Boehringer* does not reach as far as Defendants wish to extend it.[3] In sum, it appears that Defendants "claim of

---

[3] Similarly, Defendants' attempt to characterize *Hickman* as inapplicable because it "involved no showing of unequal access

necessity for the intrusion into the investigative file appears to be little more substantial than a desire to learn what kind of case the Government has." *United States v. Chatham City Corp.*, 72 F.R.D. 640, 644 (S.D. Ga. 1976).[4]

As is routine in merger cases, the Defendants here agreed to an aggressive discovery schedule. *See generally,* Sched. Ord. The Court recognizes that an enormous amount of work must be done by both parties in a very short time period. This understandably places tremendous pressure on Defendants, as they do not have the benefit of completing a year-long investigation into the matter like Plaintiffs. While this disparity is not sufficient to infringe on Plaintiffs' work product, the Court will consider any modifications to the discovery schedule sought

---

to information or an undue hardship in obtaining information from other means" fails. Defs.' Reply. As discussed above, Defendants have not established that this case involves unequal access or undue hardship, making the distinction moot. Finally, Defendants reliance on *U.S. v. Dean Foods Co.* is misplaced for the same reasons discussed in *US Airways*, Civ. No. 13-1236 at 4 (noting that in contrast to *Dean Foods* where the Court held only a "written record and verbatim record" of witness statements would qualify as protected work product, "the DC Circuit has expressly held that both recorded and non-recorded recollections of interviews qualifies for such protection.") (quoting *United States v. Deloitte LLP*, 610 F.3d 129, 136 (D.C. Cir. 2010)).

[4] Because Defendants have not meet their burden to demonstrate their substantial need or undue hardship, the Court need not discuss the applicability of the deliberative process privilege or whether the Court's *in camera* review supports a finding that the documents at issue may be considered opinion work product.

by Defendants. The Court also stands ready to order expedited responses to subpoenas and discovery requests issued by Defendants to third parties. To the extent the compressed discovery schedule may impede Defendants' preparation, Defendants should not hesitate to request appropriate relief from the Court.

**IV. CONCLUSION**

Because Defendants cannot establish their substantial need for Plaintiffs' notes and memoranda, nor an undue hardship in conducting their own third-party discovery, their motion to compel fact work product from Plaintiffs' interview notes and internal memoranda is **DENIED**. An appropriate order accompanies this Memorandum Opinion.

**Signed:**     **Emmet G. Sullivan**
          **United States District Judge**
          **January 21, 2016.**