**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**FEDERAL TRADE COMMISSION**, *et al.*,

Plaintiffs,

v.

**STAPLES, INC.** and
**OFFICE DEPOT, INC.**,

Defendants.

---

Civil Action No. 1:15-cv-02115-EGS

---

**JOINT STATUS REPORT**

As directed in the Court's March 20, 2016 Minute Order, the parties respectfully submit this joint status report identifying the following issues that require the Court's attention prior to the commencement of the Preliminary Injunction Hearing.

**1.    Identification of Witnesses Testifying by Videotape.**

The parties disagree on when they must identify to the other side the identities of the up to three witnesses that each side intends to call by videotape. The parties' positions on the issue are set forth below.

**Plaintiffs' position:**  Plaintiffs' propose that the parties exchange the identities of the up to three witnesses that each side intends to call by videotape no later than 5:00 p.m. on Monday, March 21. Plaintiffs proposed such an exchange take place by 5:00 p.m. on Friday, March 18, but Defendants refused. Plaintiffs need to know the identities of the up to three witnesses Defendants intend to call by videotape in order to preserve for counter-designations some portion of the two hours that the Court has afforded each side for the presentation of videotaped

testimony. Plaintiffs would be disadvantaged if they had to present the testimony of their videotaped witnesses without knowing so much as the identities of the up to three witnesses Defendants intend to call to testify by videotape.

With respect to Plaintiffs' presentation of the videotaped testimony of Tiffany Eubanks-Saunders of Bank of America, Plaintiffs intend to present clips of Ms. Eubanks-Saunders's deposition so that the topics covered by her deposition are addressed together. Defendants' have provided Plaintiffs with their counter-designations and they will be played for the Court. Defendants are in no way prejudiced by playing clips of Ms. Eubanks-Saunders's deposition in the manner that will be most helpful to the Court.

**Defendants' position:**   Under Section II, Paragraph I, of the Final Pre-Hearing Order, Dkt. 256, Plaintiffs "shall give notice to the Court and opposing counsel of witnesses scheduled to appear *during the first week of the hearing* no later than 12:00 p.m. on Thursday, March 17, 2016.   The parties' notice *shall indicate the order in which the witnesses will be called*" (emphasis added).   Nothing in the Final Pre-Hearing Order differentiates between witnesses testifying live and the presentation of video deposition testimony, and Defendants are unaware of any order of the Court or any other rule or ruling, including the Minute Order governing video deposition testimony entered on March 15, 2016, at 4:57 p.m., responding to Defendants' proffer, Dkt. 222, that excuse Plaintiffs from listing the specific video deposition testimony they intend to introduce in their witness list, and the order in which they intend to introduce it, as is required under the Final Pre-Hearing Order.   Plaintiffs, however, listed only one deposition witness in their initial witness list (Bank of America) and informed Defendants this weekend that Plaintiffs "may" present testimony from David Harris at Walgreens "as early" as Tuesday, March 22, 2016.   Defendants object to Plaintiffs not updating their witness list to include the

video deposition testimony Plaintiffs plan to introduce, which must also list the order in which Plaintiffs plan to introduce such testimony, as is required under Section II, Paragraph I, of the Final Pre-Hearing Order.

Additionally, as noted, Defendants understand that Plaintiffs intend to play videotaped deposition testimony from a Bank of America witness tomorrow. The parties have exchanged deposition designations. Rather than play the videotaped designations in chronological order, Defendants understand that Plaintiffs intend to cut and paste different portions of the videotape and play them in an order of Plaintiffs' choosing. Defendants object to videotaped testimony being played in anything other than chronological order.

2.       **Notification of the Intention to Present Videotaped Testimony.**

The parties disagree on when they must notify to the other side the date on which they intend to present videotaped testimony. The parties' positions on the issue are set forth below.

**Plaintiffs' position:** The parties had previously agreed that the party offering affirmative videotaped testimony of a witness must provide the other side with designations at least 72 hours before offering that testimony, and that the other side must provide any counter-designations within 24 hours of receiving the offering party's initial designations. Plaintiffs intend to provide Defendants the requisite notice per the parties' agreement. But Plaintiffs see no need to identify, in advance, the exact date on which they intend to offer videotaped testimony. Plaintiffs intend to offer the videotaped testimony of up to three witnesses during its case-in-chief as time permits between live witnesses. This will minimize the burden on third-party witnesses and will allow the hearing to proceed expeditiously and without delay. Moreover, Defendants are not prejudiced by this approach, as they will have been given no less than 72 hours' notice of Plaintiffs'

intention to play designated testimony. It is unnecessary and impractical to require Plaintiffs to notify the Court and Defendants in advance of when they intend to offer videotaped testimony.

**Defendants' position:**  Defendants have no dispute with respect to the timing by which the parties would provide designations.  Defendants agree that the parties will give the opposing party designations 72 hours in advance of offering the testimony and that the other side must give counter-designations within 24 hours of receiving the offering party's initial designations. Defendants do, however, dispute the procedure by which the parties must notify the opposing party of the deponent they intend to present, and the order in which the deponents are to be presented.  Defendants' position is that the party that intends to present the testimony must include it in the witness list for that week, and must, pursuant to the Final Pre-Hearing Order, provide the order in which the videotaped deposition testimony will be presented.  Defendants' position is that the videotaped deposition testimony, and the identity of the witness, should be treated the same as live witnesses, and the order in which the witness testimony by deposition is to be presented should be listed along with the other witnesses who will be testifying live.

**3.      Ensuring Public Access Given Confidentiality Restrictions.**

**Plaintiffs' position:**  The procedure for examining witnesses using confidential material is set out in Section III.B of the Court's Final Pre-Hearing Order. Plaintiffs' believe the Court's guidance is clear. With respect to Amazon's designations of confidential material, the Court has already established a briefing schedule to address Amazon's motion for in camera treatment.

**Defendants' position:**  The Defendants wish to discuss the Court's desired procedure for examination of witnesses in this public merger enforcement action consistent with confidentiality restrictions sought by third parties.  For example, Amazon has designated confidential much of the information in documents the Defendants may use with Prentis Wilson who is scheduled to

testify as early as Tuesday.  Some of these confidentiality restrictions remain in dispute.  Dkt. No. 276.  More generally, the breadth and scope of Amazon's redactions, risks rendering the examination of a critical witness in this case being shielded from the public in its entirety.  Even if redacted documents are not shown on monitors for viewing by the public, questioning will be severely hampered given the volume of information designated confidential by Amazon and the inability of the public to hear the questions and answers concerning such information.  Since this issue will likely come up again for other third parties, Defendants wish to obtain the Court's guidance at the outset of the trial.

Respectfully submitted,

Dated: March 20, 2016

By:  /s/ Tara Reinhart
      Tara Reinhart (D.C. Bar No. 462106)
      Charles A. Loughlin (D.C. Bar No. 448219)
      Bureau of Competition
      Federal Trade Commission
      400 Seventh Street, S.W.
      Washington, D.C. 20024

      treinhart@ftc.gov
      cloughlin@ftc.gov

      *Attorneys for Plaintiff*
      *Federal Trade Commission*


By:  /s/ Catherine Jackson
      Catherine Jackson
      Assistant Attorney General
      441 4th Street, N.W., Suite 600 South
      Washington, DC 20001
      202-442-9864
      catherine.jackson@dc.gov

      *Attorney for Plaintiff District of Columbia*


By:  /s/ Norman Marden
      Norman Marden
      Chief Deputy Attorney General
      Commonwealth of Pennsylvania
      Pennsylvania Office of Attorney General
      Antitrust Section
      14th Floor, Strawberry Square
      Harrisburg, PA 17120
      717-787-4530
      nmarden@attorneygeneral.gov

      *Attorney for Plaintiff Commonwealth of*
      *Pennsylvania*


By:  /s/ Diane Sullivan
      Diane Sullivan (DC Bar 1014037)

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
diane.sullivan@weil.com
Telephone: (212) 310-8897
Facsimile: (212) 310-8007

Jeffrey Perry (DC Bar 465994)
Carrie Mahan Anderson (DC Bar 459802)
1300 Eye Street NW
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
jeffrey.perry@weil.com
carrie.anderson@weil.com

*Counsel for Defendant Staples, Inc.*


By: /s/ Matthew Reilly
    Matthew Reilly
    Simpson Thacher & Bartlett LLP
    900 G Street, N.W
    Washington, D.C. 20001
    (202) 636-5566
    matt.reilly@stblaw.com

    *Counsel for Defendant Office Depot, Inc.*