**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, et al., | |
| Plaintiffs, | Civil Action No. 1:15-cv-02115 |
| v. | |
| STAPLES, INC. and OFFICE DEPOT, INC., | (Judge Emmet G. Sullivan) |
| Defendants. | |

### DEFENDANTS STAPLES, INC.'S AND OFFICE DEPOT, INC.'S OPPOSITION TO PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR RECONSIDERATION OF DECISION REGARDING ADMISSION OF TESTIMONY

Defendants Staples, Inc. ("Staples") and Office Depot, Inc., ("Office Depot") respectfully request the Court deny Plaintiff Federal Trade Commission's ("FTC") motion for reconsideration of the Court's April 1, 2016 bench ruling to exclude Slide 21 of the demonstratives used by Plaintiffs' economic expert, Professor Carl Shapiro, and his related testimony, concerning the projected 2017 share of Amazon Business in the alleged relevant market.  For the reasons set forth below, the Court should deny Plaintiff's motion and exclude from the record not only Slide 21, but in addition, Slides 76 and 77, which are based on the same data and expert analysis at issue in Slide 21 and Professor Shapiro's related testimony.  Tr. at 2423:4-8.  Further, so the record is clear for the Court and the public, Defendants respectfully request that Plaintiffs re-file an unredacted version of Professor Shapiro's slides with the Court, as well as a partially redacted version on the public docket, with those three slides removed.[1]

## ARGUMENT

Conspicuously absent from the FTC's motion is any mention of the applicable legal standards and "heavy burden" they carry in seeking reconsideration.  Memorandum Order at 3, *Feld Entm't, Inc., v. Am. Soc'y for the Prevention of Cruelty to Animals,* Civ. No. 07-1532 (EGS), Dkt. No. 129 (D.D.C. Jan. 8, 2013).  It is well-settled that "[t]he purpose of a motion for reconsideration is not to repeat arguments which the Court has already found unpersuasive." *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 319 F. Supp. 2d 32, 34 (D.D.C. 2004).  Rather, a motion for reconsideration is only proper to "correct a clear error or prevent manifest injustice." *Id.* (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  None of these limited grounds for reconsideration are present here.

---

[1] For completeness, Defendants also ask that the bottom half of Slide 34 be removed, as it relates to Professor's Shapiro analysis of Amazon.com data that was similarly excluded by the Court, see Tr. at 2301:1-14, and is the subject of a now mooted separate motion filed by Plaintiffs. (Dkt. No. 352; April 7, 2016 Order finding as moot (Dkt. No. 352)).

This Court correctly concluded that the FTC's attempt to spring previously undisclosed expert analysis on Defendants is "fundamentally unfair." Tr. at 2269:4-15. It is undisputed that the data and expert analysis reflected in Slide 21 was not included in Professor Shapiro's initial report served on February 15, 2016 (the "Initial Report") nor was it included in Professor Shapiro's reply report served on March 10, 2016 (the "Reply Report"). Tr. at 2274:16-18; 2275:2-14. When asked directly by the Court where in either of Professor Shapiro's two expert reports the analysis at issue is presented, all Plaintiffs could point to was a single line on one page of the Reply Report – a line that contains nothing more than an unsupported conclusory statement about the asserted future competitive significance of Amazon Business. Tr. at 2265:8-23. When further pressed by the Court, Plaintiffs ultimately conceded, as they had to, that the market share analysis depicted on Slide 21 is "*not* in [Professor Shapiro's Reply Report]." Tr. at 2265:20-21 (emphasis added).

That the conclusory sentence appears in the Reply Report without the newly minted "supporting" analysis is not insignificant. As the Court made clear, "[t]here's a difference between citing a conclusion and an analysis leading up to the conclusion" – a decision fully supported by the Federal Rules. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure clearly requires experts, like Professor Shapiro, to include in their written reports "a complete statement of all opinions the witness will express *and the basis and reasons for them*" as well as "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) (emphasis added). The purpose of this basic requirement is to avoid undue surprise and to give the parties an opportunity to test expert analysis. § 2001 Purposes and Problems of Discovery, 8 Fed. Prac. & Proc. Civ. § 2001 (3d ed.) Plaintiffs' use of previously undisclosed data and expert analysis in Slide 21 circumvents the Federal Rules and prejudices Defendants during trial by giving Plaintiffs

an unjust and unwarranted advantage.  As the Court further noted, had Plaintiffs wanted to present the analysis at issue during trial, they should have filed a motion "to supplement the expert's report," and provide "a fair opportunity [for Defendants] to depose the expert." Tr. at 2268:13-17.  Plaintiffs made the deliberate choice not to exercise that option.

Tacitly acknowledging their critical failing, Plaintiffs now seek to justify reconsideration by asserting that the analysis presented on Slide 21 does not contain any "new opinions" and is nothing more than "simple and straightforward arithmetic." Plaintiff's Motion for Reconsideration (Dkt. No. 351).  This is simply not the case.  What Plaintiffs fail to note is that the analysis contains several key and questionable assumptions – each of which Defendants are entitled to explore through the discovery process and, if appropriate, through responsive expert testimony – all of which is now moot because the record is closed.  That the analysis is far more than "simple arithmetic" is plainly demonstrated by the fact that, just to explain the analysis, Plaintiffs had to send a multi-page letter spelling out at least certain of the assumptions and adjustments made to the data.  See Exhibit 3 to Plaintiff's Motion to Exclude (Dkt. No. 352).[2]

## CONCLUSION

For all of these reasons, the FTC has not met their "heavy burden" to warrant reconsideration.  Recognizing that permitting Professor Shapiro to testify about previously undisclosed data and expert analysis is "fundamentally unfair", the Court rightfully sustained Defendants' objection to the presentation of Slide 21 and Professor Shapiro's related testimony. And for that matter, the Court should also exclude from the record Slides 76 and 77, which are based on the same data and expert analysis at issue in Slide 21 and Professor Shapiro's related testimony.  Thus, Defendants respectfully request that the Court deny Plaintiff's Motion for

[2] To ensure this filing could be made on the public record in this case, Defendants have not disclosed the specific financial information in Plaintiffs' letter.

Reconsideration and that Plaintiffs re-file an unredacted version of Professor Shapiro's slides with the Court, as well as a partially redacted version on the public docket, with slides 21, 76, and 77 removed.

April 8, 2016

Respectfully submitted,

*/s/ Carrie Mahan*
Carrie Mahan
Jeffrey H. Perry
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
jeffrey.perry@weil.com
carrie.mahan@weil.com

Diane Sullivan
Eric S. Hochstadt
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
diane.sullivan@weil.com
eric.hochstadt@weil.com

*Counsel for Staples, Inc.*


Matthew Reilly
Andrew Lacy
Peter C. Herrick
Simpson Thacher & Bartlett LLP
900 G Street, N.W.
Washington, D.C. 20001
202-636-5566
matt.reilly@stblaw.com
peter.herrick@stblaw.com
alacy@stblaw.com

*Counsel for Office Depot, Inc.*