**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————— )
                                                  )
FEDERAL TRADE COMMISSION,         )
COMMONWEALTH OF PENNSYVANIA,   )
AND THE DISTRICT OF                       )
COLUMBIA,                                       )
                                                  )
                    Plaintiffs,                )
                                                  )   Civil Action No.15-2115 (EGS)
          v.                                     )
                                                  )
STAPLES, INC. and                          )
OFFICE DEPOT, INC.                         )
                                                  )
                                                  )
                                                  )
                    Defendants.             )
———————————————————— )

<u>**MEMORANDUM OPINION**</u>

Pending before the Court is the motion of the Commonwealth
of Pennsylvania and the District of Columbia (hereinafter
"Moving Plaintiffs") for attorneys' fees and costs under Section
16 of the Clayton Act. ECF No. 457. Upon consideration of the
parties' submissions, the governing statutory and case law, and
for the following reasons, Moving Plaintiffs' motion is **DENIED**.

**I.  BACKGROUND**

On February 4, 2015, Staples and Office Depot entered into
an agreement under which Staples would acquire Office Depot. On
December 7, 2015, Moving Plaintiffs joined Co-Plaintiff Federal
Trade Commission ("FTC") to bring suit to enjoin the merger.
Pls.' Mot. Prelim. Inj., ECF No. 5. On May 10, 2016, this Court

1

determined that there was a reasonable probability that the proposed merger would substantially impair competition and granted Plaintiffs' motion for a preliminary injunction under Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. §53(b) ("FTC Act"). *See Fed. Trade Comm'n v. Staples, Inc.*, 190 F. Supp. 3d 100 (D.D.C. 2016). After the Court's ruling, Office Depot and Staples abandoned the merger. Although the FTC is also a plaintiff in this case, only Moving Plaintiffs seek attorneys' costs and fees in the combined amount of $176,095.44.

## II.  LEGAL FRAMEWORK

### A. Section 16 of the Clayton Act

In 1941, Congress passed the Clayton Act to address provisions not covered by the Sherman Act, such as mergers and acquisitions. *See* 15 U.S.C. §§ 12-27. In 1976, Congress amended Section 16 of the Clayton Act, to provide that "[i]n any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff." Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, Title III, § 302 (3), 90 Stat. 1383, 1396 (codified as amended at 15 U.S.C. § 26 (1998)). The party seeking attorneys' fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

### B. Section 13(b) of the FTC Act

The FTC Act expanded the scope of illegal activities in restraint of trade and provided a path for FTC enforcement of antitrust laws. *See* 15 U.S.C. §§ 41-58. Section 13(b) of the Act empowers the FTC to seek a temporary restraining order or preliminary injunction in a federal district court if the Commission believes "any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission." 15 U.S.C. § 53(b). Unlike the Clayton Act, the FTC Act does not grant attorneys' fees to prevailing plaintiffs. *See generally id.*

### III. DISCUSSION

The parties disagree on two principal issues: (1) whether Moving Plaintiffs are entitled to attorneys' fees and reasonable costs; and (2) if so, whether the calculated amounts that Moving Plaintiffs have presented to the Court are reasonable.

Moving Plaintiffs rest their argument for attorney's fees and costs on the theory that this Court's entry of the preliminary injunction that halted the Staples and Office Depot merger established that the Plaintiffs "substantially prevailed in this litigation" under Section 16 of the Clayton Act. Pls.' Mot., ECF No. 457 at 5. Moving Plaintiffs assert that the preliminary injunction "is the functional equivalent of a final judgment in this matter" because the Plaintiffs achieved the

relief they ultimately sought ⎯ *i.e.*, nonconsummation of the Staples and Office Depot transaction. *Id*. at 4. Moving Plaintiffs further claim that the attorneys' fees and costs they seek are reasonable in nature. *See id*. at 6-7.

Defendants contend that Moving Plaintiffs are not entitled to any fees and costs, characterizing the relief Moving Plaintiffs seek as an "unprecedented windfall." Defs.' Opp'n, ECF No. 470 at 1. Highlighting the fact that this case was never litigated under Section 16 of the Clayton Act, Defendants argue that Moving Plaintiffs are not entitled to any shifting costs or fees "as a matter of law because they did not litigate, much less substantially prevail, under the more demanding Section 16 standard." *Id*. Instead, according to Defendants, the parties only litigated, and the Court only granted, relief relating to the FTC's claim for a preliminary injunction under the standard set forth in Section 13(b) of the FTC Act. *Id*. at 2. Defendants further contend that even if the Court assumed that Moving Plaintiffs were entitled to attorneys' fees and costs under Section 16 of the Clayton Act, Moving Plaintiffs' calculation is unreasonable and excessive. In response, Moving Plaintiffs argue that they have satisfied the four-part preliminary injunction standard set forth in Section 16 of the Clayton Act and maintain that their calculated fees are reasonable. Pls.' Reply, ECF No. 471 at 4-14.

As an initial matter, the Court need not examine whether the costs presented by Moving Plaintiffs are reasonable because the Court finds that Moving Plaintiffs are not entitled to attorneys' fees and costs as a matter of law. Section 16 of the Clayton Act provides for attorneys' fees and costs "[i]n any action *under this section* in which the plaintiff substantially prevails[.]" 15 U.S.C. § 26 (emphasis added). Plaintiffs insist that the term "prevail" is not restricted to final judgments. Pls.' Mot., ECF No. 457 at 3. While this may be correct, *see Mahr v. Gagne*, 448 U.S. 122, 129 (1980), Moving Plaintiffs ignore the remaining text of Section 16. Here, Moving Plaintiffs did not prevail, much less "substantially prevail," under the Clayton Act. Instead, this Court granted Plaintiffs' request for a preliminary injunction under Section 13(b) of the FTC Act. *Staples*, 190 F. Supp. 3d at 114 n.7 (distinguishing the Section 13(b) standard from the traditional preliminary injunction standard used in Section 16 Clayton Act claims);[1] *see also Hewitt v. Helms*, 482 U.S. 755, 760 (1987) ("Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.").

As this Court explained, the preliminary injunction standards under Section 13(b) of the FTC Act and Section 16 of

---

[1] Indeed, the Court's memorandum opinion does not even reference Section 16 of the Clayton Act. *See generally Staples*, 190 F. Supp. 3d 100.

the Clayton Act are not identical. *See Staples*, 190 F. Supp. 3d at 114; *see also Fed. Trade Comm'n v. Sysco Corp.*, 113 F. Supp. 3d 1, 22 (D.D.C. 2015) ("The Section 13(b) standard for preliminary injunctions differs from the familiar equity standard applied in other contexts."). Section 16 claims follow the traditional four-part preliminary injunction standard — *i.e.*, a court must balance: (1) the likelihood of success on the merits; (2) the threat of irreparable harm in the absence of an injunction; (3) the possibility of substantial harm to other interested parties; and (4) the public interest. *United States v. Gillette Co.*, 828 F. Supp. 78, 80 (D.D.C. 1993). In contrast, a movant under Section 13(b) of the FTC Act need only satisfy two elements: "(1) a likelihood of success on the merits; and (2) that the equities tip in favor of injunctive relief." *Staples*, 190 F. Supp. 3d at 114. Under Section 13(b), the Court's task is to assess the likelihood of whether or not the government can prevail at a subsequent administrative hearing before the Federal Trade Commission, not whether the proposed merger would violate the Clayton Act. *Id*. at 115.

Throughout this litigation, neither party disputed the Court's intended resolution pursuant to Section 13(b) of the FTC Act, rather than Section 16 of the Clayton Act. While Moving Plaintiffs make three fleeting references to Section 16 in their Complaint, at no point in their preliminary injunction

submissions did they assert, much less prove at the hearing, the elements of a preliminary injunction under Section 16.[2] *See* Compl., ECF No. 3. Particularly revealing is the fact that Plaintiffs' proposed findings of fact and law specifically cites to Section 13(b) as the applicable standard for a preliminary injunction. *See* Sealed Pls.' Proposed Findings of Fact and Conclusions of Law, ECF No. 379-2 at 75-76. Defendants also rely on the transcript from the preliminary injunction hearing in which the FTC explained that the Court need not consider Section 16 of the Clayton Act in rendering its decision.[3] *See* Defs.' Opp'n, ECF No. 470 at 7 n.3.

Simply put, Moving Plaintiffs cannot have it both ways. They cannot ride the FTC's claim to a successful preliminary injunction under the more permissive Section 13(b) standard and then cite that favorable ruling as the sole justification for fee-shifting under the more rigorous Clayton Act standard.

---

[2] Defendants point out that Moving Plaintiffs failed to mention Section 16 once in pre-trial briefing, discovery, during the 10-day preliminary injunction hearing, or in their proposed findings of fact and conclusions of law. *See* Defs.' Opp'n, ECF No. 470 at 7.

[3] At the hearing, this Court confirmed that the applicable authorities "dictate[d] that the Court should not focus on whether or not the merger will, as a matter of law, violate the Clayton Act...That's not before the Court... correct?." Hr'g Tr. at 3561:10 - 3562:7. The FTC replied, "That's correct, Your Honor." *Id*. The record does not suggest that Moving Plaintiffs disputed the FTC's response or otherwise asserted that the preliminary injunction standard set forth in Section 16 of the Clayton Act should govern. *Id*.

Moving Plaintiffs' decision to join the FTC's Section 13(b) claim was a strategic one, one that ultimately lead to the dissolution of the Office Depot and Stables merger. Nonetheless, Moving Plaintiffs cannot bring a petition for fee-shifting under a provision under which they did not prevail. *See* Section 16 of the Clayton Act, 15 U.S.C. § 26 (providing for attorneys' fees and costs "[i]n any action under this section in which the plaintiff substantially prevails").

Moving Plaintiffs have failed to cite to a single case in which a court has awarded attorneys' fees and costs under Section 16 of the Clayton Act where the moving party prevailed only under Section 13(b) of the FTC Act. Instead, Moving Plaintiffs effectively ask this Court to take an unprecedented step. Defendants persuasively highlight that Moving Plaintiffs have not requested fees and costs in analogous cases. *See* Defs.' Opp'n, ECF No. 470 at 2 n.2.

Rather than citing factually analogous cases to support their claim for fees and costs, Moving Plaintiffs chiefly rely on *F&M Schaefer Corp. v. C. Schmidt & Sons, Inc.*, 476 F. Supp. 203, 206 (S.D.N.Y. 1979) and *Grumman Corp. v. LTV Corp.*, 533 F. Supp. 1385, 1390 (E.D.N.Y. 1982) for the proposition that courts use the "catalyst rule" to determine whether a party has substantially prevailed. *See* Pls.' Mot., ECF No. 457 at 5. Under the catalyst rule, a court examines the situation immediately

8

prior to the commencement of the suit, the situation today, and the role that the litigation played in causing any changes between the two. *Schaefer*, 476 F. Supp. at 206; *Grumman*, 533 F. Supp. at 1390. Moving Plaintiffs argue that because the Court's entry of a preliminary injunction directly caused Defendants to dissolve the merger, Moving Plaintiffs substantially prevailed. Pls.' Mot., ECF No. 457 at 5. Moving Plaintiffs' argument is unpersuasive for two reasons. First, as Defendants point out, the catalyst rule as a mechanism for obtaining attorneys' fees in certain circumstances was rejected by the Supreme Court in 2001. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001) (concluding that fees may not be awarded on a catalyst theory simply because plaintiff "achieved the desired result" or "because the suit brought about a voluntary change in defendant's conduct"). Second, *Schaefer* and *Schmidt* are readily distinguishable because they do not concern, as here, litigation under the FTC Act.

Moving Plaintiffs fare no better with their attempt to argue, for the first time in their reply brief, that they substantially prevail under each element of the traditional preliminary injunction test used in a Section 16 cases. *See* Pls.' Reply, ECF No. 471 at 4-10. As Defendants explain, this four-factor injunction standard was never argued, briefed or mentioned in the litigation up to this point. In any event,

Moving Plaintiffs' argument that they *could have* prevailed under that standard is irrelevant in light of the fact that this Court resolved the case under Section 13(b) of the FTC Act which, as explained *supra*, does not provide for fee-shifting. Because this Court did not resolve the motion for preliminary injunction under Section 16 of the Clayton Act, the Court finds that as a matter of law, Moving Plaintiffs are not entitled to attorneys' fees or costs.

## IV.   CONCLUSION

For the foregoing reasons, Moving Plaintiffs' motion for attorneys' fees and costs is **DENIED.** An appropriate Order accompanies this Memorandum Opinion, filed this same day.

**SO ORDERED.**

**Signed:      Emmet G. Sullivan**
**United States District Judge**
**February 28, 2017**

10